# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3682

———————————————

United States of America

*Plaintiff - Appellee*

v.

Timothy B. Wilder

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

————————

Submitted: October 19, 2020
Filed: January 28, 2021
[Unpublished]

————————

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

————————

PER CURIAM.

The district court[1] decided not to reduce Timothy Wilder's 235-month prison sentence under the First Step Act. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

(2018). It said that it "ha[d] reviewed the entire record and would decline to grant relief if it were available to" him. We affirm.

The government does not dispute Wilder's eligibility for a reduction. It now concedes that he is eligible because he was convicted of conspiring to distribute at least 50 grams of cocaine base. *See United States v. Banks*, 960 F.3d 982, 984 (8th Cir. 2020) (involving the same offense); *see also* First Step Act § 404(a), 132 Stat. at 5222; Fair Sentencing Act, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010).

Still, district courts have the discretion to deny a reduction even if the eligibility hurdle is cleared. *See* First Step Act § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). After reviewing "the entire record," the court exercised its discretion to deny one here, meaning that any error in finding Wilder ineligible was harmless. *See United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020) (describing a remand under these circumstances as "an exercise in futility").

Wilder's remaining argument fares no better. The district court made a "complete review" of his motion, *United States v. Moore*, 963 F.3d 725, 728–29 (8th Cir. 2020), even though it did not grant him a hearing or the plenary resentencing he requested, *see id.* at 728 (explaining how First Step Act motions are different from initial sentencing proceedings); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019) (holding that district courts need not hold hearings on motions like this one). In the end, it just decided to exercise its "substantial sentencing discretion," based on the papers and its own experience with the case, to deny relief. *United States v. Hoskins*, 973 F.3d 918, 922 (8th Cir. 2020); *see also Howard*, 962 F.3d at 1015 (explaining that "the original sentencing court [is] uniquely positioned to consider the many factors necessary in exercising its ultimate discretion").

We accordingly affirm the judgment of the district court.

_____